# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-901V
### Filed: September 6, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| JEANETTE STANCARONE, | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| v. | * | Influenza; |
| | * | Shoulder Injury; SIRVA; |
| SECRETARY OF HEALTH | * | Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Robert Krakow, Law Office of Robert J. Krakow, PC, New York, NY, for petitioner.*
*Camille Michelle Collett, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On August 19, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury following receipt of her October 6, 2014 influenza vaccination. Petition at 2-3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 7, 2016, a ruling on entitlement was issued, finding petitioner entitled to compensation for a shoulder injury related to vaccine administration ("SIRVA"). On September 6, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $110,000.00. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $110,000.00 in the form of a check payable to petitioner, Jeanette Stancarone.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

JEANETTE STANCARONE, )
)
)
)
Petitioner, )      No. 15-901V
)      Chief Special Master
v. )      Nora Beth Dorsey
)      ECF
)
SECRETARY OF HEALTH )
AND HUMAN SERVICES, )
)
Respondent. )
)

## <u>RESPONDENT'S PROFFER ON AWARD OF COMPENSATION</u>

On March 4, 4016, respondent filed a status report in which she conceded entitlement. On March 7, 2016, the Court issued a Ruling on Entitlement, finding that petitioner is entitled to compensation. Respondent now proffers that petitioner receive an award of a lump sum of **$110,000.00,** in the form of a check payable to petitioner. This amount represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.[1] This proffer does not address final attorneys' fees and litigation costs. Petitioner is additionally entitled to reasonable attorneys' fees and litigation costs, to be determined at a later date upon petitioner submitting substantiating documentation.

Petitioner agrees with the proffered award of **$110,000.00,** as representing all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.

---

[1]     Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

s/Camille M. Collett
CAMILLE M. COLLETT
Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Telephone: (202) 616-4098

Dated: September 6, 2016